WILLIAM M. J. CRAIG *vs.* COLUMBIA CASUALTY CO.

JUNE 26, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is an action of debt against a surety on a replevin bond. The case is before this court on defendant's exceptions after decision of a justice of the Superior Court for the plaintiff for the penal amount of the bond.

Defendant signed a replevin bond as surety for the Clyde Print Works, Inc., in an action brought against the present plaintiff, Craig. The Print Works was nonsuited in the Superior Court and decision rendered for Mr. Craig. This decision was sustained by this court (52 R. I. 65). Thereafter on December 16, 1931, judgment was entered in the Superior Court for the return and restoration of the replevied goods to Mr. Craig. On December 23, 1931, execution was issued for the return and restoration of the goods replevied and $9.40, the amount of the costs.

On February 15, 1932, the deputy sheriff made a return on the execution stating that he had that day made demand upon an agent of the Print Works for the return of 129 copper rolls; that the agent refused to return them and the execution was wholly unsatisfied.

On February 17, Mr. Craig commenced this action of debt against the surety on the replevin bond. The declaration alleges that the Print Works committed a breach of the condition in the bond by not restoring the replevied copper rolls to Mr. Craig and paying his costs, after final judgment to this effect had been entered in the Superior Court.

The defendant filed four pleas, the second and third being, in substance, that the Print Works, from the time of the entry of the judgment against it, was ready and willing to deliver the replevied rolls to the plaintiff and to pay his

costs, and that on the ninth day of February, 1932, it tendered and offered the rolls and costs to plaintiff and the tender and offer were refused.

At the trial plaintiff proved the bond, judgment for return and restoration and the execution with the officer's return thereon stating that it had been returned wholly unsatisfied.

Defendant attempted to introduce evidence tending to prove the allegations contained in its pleas: namely, that the Print Works was ready and willing to return the replevied rolls to Mr. Craig; that on the fifteenth of February, 1932, it sent forty of the rolls on a motor truck to Mr. Craig's place of business; that, upon his refusal to accept them, it did not attempt to deliver the remainder of the rolls; and that it is still ready to deliver the rolls to Mr. Craig if he will accept them. The lengthy offer to prove the above and other relevant facts appears in the record. The trial justice excluded the evidence on the ground that the officer's return on the execution to the effect that the Print Works had refused to deliver the rolls could not be contradicted. We are of the opinion that the proffered evidence should have been admitted. The issue was not whether it contradicted the officer's return but whether the replevied goods were tendered to Mr. Craig within a reasonable time after the entry of judgment for their return and restoration.

The bond was conditioned to be void if the Print Works returned and restored the replevied goods, in case such should be the final judgment. An action upon a bond may be brought immediately upon recovery of such a judgment without waiting for the return of the sheriff upon the execution issued therein. *Cimini* v. *Zambarano*, 36 R. I. 122; *Potter* v. *James*, 7 R. I. 312. This being so, if an action is brought immediately against the surety he should be allowed a reasonable time within which to tender and offer to return the goods in order to avoid a breach of the condition of the bond. It would be unreasonable to hold that immediately upon the entry of judgment for return and

**382**

restoration the surety on the bond would be liable for the penal sum of the bond without first having a reasonable opportunity to return the replevied goods. In *Johnson* v. *Mason*, 45 Atl. (N. J.) 618, it was held that the surety on a replevin bond was liable according to its condition but that he had a right to show performance of the condition, and that it was error in the trial court to refuse to permit him to show an offer to return the goods. See also *Gen. Motors Acceptance Corp.* v. *American Surety Co.*, 157 Atl. (N. J.) 98.

Defendant's exceptions numbered 5, 6, 7, 8, 9, 10, 11, 16, 17, 18, and 21 are sustained and its other exceptions are overruled. The case is remitted to the Superior Court for a new trial.

*Grim & Littlefield, Benjamin W. Grim, Matthew W. Goring,* for plaintiff.

*Henshaw, Lindemuth & Baker,* for defendant.

*Quinn, Kernan & Quinn,* for Receiver of Clyde Print Works, Inc.